The Honorable Michael D. Booker State Representative Post Office Box 45154 Little Rock, Arkansas 72214
Dear Representative Booker:
This is in response to your request for an opinion concerning the following question:
 Whether a duly trained and licensed physician, pursuant to Section 2(A) and (B) of the Arkansas Medical Practices Act, may personally or through duly trained employees under the physician's supervision, provide the following treatment to persons suffering soft tissue injuries: massage, application of hot packs and cold packs, ultra sound diathermy, traction, extremity whirlpool, paraffin baths and limited exercises, consistent with the Arkansas Physical Therapy Act and Therapy Assistant Acts?
It is my opinion that a licensed physician may legally perform the above described treatments; however, compliance with A.C.A. §§ 17-94-101, etseq. (Repl. 1992) and regulations promulgated by the Arkansas State Medical Board would be necessary for such treatments to be performed by an employee working under the physician's supervision.
"Physical Therapy" is defined by A.C.A. § 17-92-101(1) (Repl. 1992) as follows:
 The treatment of a human being by the use of exercise, massage, heat or cold, air, light, water, electricity, or sound for the purpose of correcting or alleviating any physical or mental condition, or preventing the development of any physical or mental disability, or the performance of tests of neuromuscular function as an aid to the diagnosis or treatment of any human condition. However, physical therapy shall not include radiology or electrosurgery.
A.C.A. § 17-92-301(a) provides that it is unlawful for anyone to "practice or to assume the duties incident to physical therapy" without obtaining a physical therapy license. Subsection (c) states, however, that "nothing in this chapter shall be deemed to prohibit any person licensed under any other act in this state from engaging in the practice for which he is licensed. . . ." The various treatments you describe could thus be performed by a licensed professional other than a physical therapist, provided such treatments fall within the scope of his or her licensed practice.
The "practice of medicine" is broadly defined, in relevant part, as follows:
 Holding out one's self to the public within this state as being able to diagnose, treat, prescribe for, palliate, or prevent any human disease, ailment, injury, deformity, or physical or mental condition, whether by the use of drugs, surgery, manipulation, electricity, or any physical, mechanical, or other means whatsoever;
 Suggesting, recommending, prescribing, or administering any form of treatment, operation, or healing for the intended palliation, relief, or cure of any physical or mental disease, ailment, injury, condition, or defect of any person. . . .
A.C.A. § 17-93-202(2)(A) (B) (Repl. 1992) (emphasis added). Thus, one who is a duly licensed physician in accordance with A.C.A. §§ 17-93-401
through -411 of the Arkansas Medical Practices Act could, in my opinion, administer the various types of treatment you have specified, pursuant to his or her authority to "treat any human . . . ailment . . . or physical condition" by the above listed means or by "any physical, mechanical, or other means whatsoever."
As to whether the specified practices could be performed by "a duly trained employee under the physician's supervision," I will assume you are referring to a physician's trained assistant, whose duties, education, and requirements for certification are governed by A.C.A. §§17-94-101 through -113 (Repl. 1992 and Supp. 1993). Section 17-94-102(2) defines a "physician's trained assistant" as "a skilled person qualified by academic and practical on-the-job training to provide services under the supervision and direction of a licensed physician who is responsible for the performance of that assistant." The Arkansas State Medical Board is vested with the authority to determine the level of education and experience required for certification of physician's trained assistants. A.C.A. § 17-94-104 and -105. Furthermore, § 17-94-103 mandates the Board to establish regulations which specify the tasks and procedures which may be delegated to a physician's trained assistant employed by a general practitioner and by a physician engaged in each of the various medical specialties. It would therefore be necessary to examine the appropriate regulations with regard to the type of medicine practiced by the physician employing the assistant in order to determine whether the methods of treatments you mention could be performed by such.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh